UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

v.

PHILIP G. BARRY, LEVERAGE GROUP,
LEVERAGE OPTION MANAGEMENT CO., INC.,
and NORTH AMERICAN FINANCIAL
SERVICES,

                Defendants.

C.A. No. 09-3860

BLOCK, J.

POHORELSKY, M.J.

## JUDGMENT AS TO DEFENDANT
## LEVERAGE OPTION MANAGEMENT CO. INC.

The Securities and Exchange Commission having filed a Complaint and Defendant Leverage Option Management Co., Inc. ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements

    made, in light of the circumstances under which they were made, not misleading;

    or

 (c) to engage in any transaction, practice, or course of business which operates or

    would operate as a fraud or deceit upon the purchaser.

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 206(1), 206(2), and 206(4) of the Investment Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. § 80b-6(1), § 80b-6(2), and § 80b-6(4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8], by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly:

 (a) to employ any device, scheme, or artifice to defraud any client or prospective

    client;

 (b) to engage in any transaction, practice, or course of business which operates as a

    fraud or deceit upon any client or prospective client;

 (c) to engage in any act, practice, or course of business which is fraudulent,

    deceptive, or manipulative; or

 (d) to make any untrue statement of a material fact or to omit to state a material fact

    necessary in order to make the statements made, in the light of the circumstances

    under which they were made, not misleading, to any investor or prospective

    investor in a pooled investment vehicle.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains, prejudgment interest, and/or the payment of a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)] and, if so, the amount(s) of the disgorgement and/or civil penalty. The Commission shall make any such motion within five years of the entry of this Judgment or by such later date as the parties may agree with the Court's approval. If disgorgement is ordered, Defendant shall pay prejudgment interest thereon, calculated from the date of the violation, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). Defendant will be jointly and severally liable with Philip G. Barry, Leverage Group and North American Financial Services for any disgorgement and/or prejudgment interest ordered. In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that it did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Final Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or

civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay the amounts, if any, ordered to be paid pursuant to paragraph IV in the following manner and on the following terms and conditions:

A.     Defendant shall make such payment(s) within the time directed by the Court to the Clerk of this Court, together with a cover letter identifying Defendant as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Judgment. Defendant shall simultaneously transmit photocopies of such payment(s) and letter to the Commission's counsel in this action (Ken C. Joseph, Esq. U.S. Securities and Exchange Commission, Three World Financial Center, Room 4300, New York, NY 10281). By making such payment(s), Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

B.     The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income

earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

C. The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant Leverage Option Management Co., Inc.'s, Defendant Philip G. Barry's, Defendant Leverage Group's or Defendant North American Financial Services's payment of disgorgement in this action or restitution in the related criminal action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant Leverage Option Management Co., Inc.'s, Defendant Philip G. Barry's, Defendant Leverage Group's or Defendant North American Financial Services's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against

Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: _____, _____

_____
UNITED STATES DISTRICT JUDGE